# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| JUAN JAVIER CORREA CRUZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| WARDEN, IN THEIR OFFICIAL | § | |
| CAPACITY AS WARDEN OF THE | § | |
| ERO CAMP EAST MONTANA | § | |
| DETENTION FACILITY; MARY DE | § | |
| ANDA-YBARRA, IN HER OFFICIAL | § | |
| CAPACITY AS FIELD OFFICE | § | |
| DIRECTOR OF THE ICE EL PASO | § | No.  3:26-CV-00467-LS |
| FIELD OFFICE OF ENFORCEMENT | § | |
| AND REMOVAL OPERATION, U.S. | § | |
| IMMIGRATIONS AND CUSTOMS | § | |
| ENFORCEMENT, U.S. DEPARTMENT | § | |
| OF HOMELAND SECURITY; TODD | § | |
| M. LYONS, IN HIS OFFICIAL | § | |
| CAPACITY AS ACTING DIRECTOR, | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT, U.S. DEPARTMENT | § | |
| OF HOMELAND SECURITY; KRISTI | § | |
| NOEM, IN HER OFFICIAL | § | |
| CAPACITY AS SECRETARY, U.S. | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY; PAMELA JO BONDI, IN | § | |
| HER OFFICIAL CAPACITY AS | § | |
| ATTORNEY GENERAL OF THE | § | |
| UNITED STATES; AND DONALD J. | § | |
| TRUMP, IN HIS OFFICIAL | § | |
| CAPACITY AS PRESIDENT OF THE | § | |
| UNITED STATES, | § | |
| | § | |
| *Respondents*. | § | |

## MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This is one of more than 400 habeas corpus petitions filed in this Court in which a petitioner seeks release from immigration custody during removal proceedings. Petitioner in this case is a citizen of Mexico, in removal proceedings, and has no final order of removal.[1]

**Habeas Corpus under 28 U.S.C. § 2241**

The primary habeas corpus statute, 28 U.S.C. § 2241, authorizes a petitioner to plead in federal court that he or she is "in custody in violation of the Constitution or laws or treaties of the United States."[2] This Court has jurisdiction over § 2241 claims challenging pre-removal order immigration detention.[3]

**8 U.S.C. §§ 1225 and 1226**

On February 6, 2026, the Fifth Circuit Court of Appeals issued its opinion in *Buenrostro-Mendez v. Bondi*. That opinion is now binding precedent on the district courts in Texas, Louisiana, and Mississippi and forecloses any argument that Petitioner is "in custody in violation of the Constitution or laws . . . of the United States" for want of a bond hearing under 8 U.S.C. § 1226(a).[4] Petitioner, in removal proceedings, is not "clearly and beyond a doubt entitled to be admitted" and is therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[5]

---

[1] The parties have not informed the Court that Petitioner became subject to a final order of removal after this lawsuit was filed, nor that Petitioner has been removed or otherwise released. If any of these circumstances occurred, the Court denies the petition as moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested "can no longer be effected").

[2] 28 U.S.C. § 2241(c)(3).

[3] *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (assuming jurisdiction over, and reversing and remanding, district court orders granting § 2241 challenges to pre-removal order detention); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Having determined that the federal courts have jurisdiction to review a constitutional challenge to [a different section of 8 U.S.C. § 1226] . . . .").

[4] *Buenrostro-Mendez*, 166 F.4th at 498 (reversing district court orders granting § 2241 habeas petitions seeking bond hearings and release under 8 U.S.C. § 1226(a)(2)).

[5] *Id.* ("[W]e conclude that the government's position is correct" that petitioners "shall be detained" under 8 U.S.C. § 1225(b)(2)(A) during their removal proceedings because neither showed they were "clearly and beyond a doubt entitled to be admitted").

**Due Process**

In 2001, the Supreme Court held in *Zadvydas v. Davis*[6] that indefinitely detaining persons ordered removed, because no country will accept them, violates the Fifth Amendment's Due Process Clause.[7] Such "indefinite civil detention" raises "a serious constitutional problem."[8] Importantly, the Court distinguished persons with removal orders from those still in removal proceedings, and found that "post-removal-period detention, *unlike detention pending a determination of removability* or during the subsequent 90-day removal period, has no obvious termination point."[9] Two years later, in *Demore v. Kim*, the Supreme Court reiterated that the post-removal order detention periods in *Zadvydas* ran afoul of the Fifth Amendment because they were "indefinite" and "potentially permanent."[10] Like Petitioner in this case, the petitioner in *Demore* was in removal proceedings with no final order of removal.[11] Accordingly, the Court held the detention period in *Demore* did not violate any due process right because it had a "definite termination point" and was neither "indefinite" nor "potentially permanent"[12]—the detention period would necessarily terminate when the removal proceedings concluded, either through deportation within the 90-day removal period[13] or release because of the government's failure to secure a removal order. "*Zadvydas* . . . made clear that *limited* civil detention, without bond, is constitutional as applied to deportable aliens,"[14] and the Supreme Court made explicitly clear in

---

[6] 533 U.S. 678 (2001).

[7] *See id*. at 702.

[8] *Id*. at 690.

[9] *Id.* at 697 (emphasis added).

[10] 538 U.S. at 528.

[11] *Id*. at 513.

[12] *Id*. at 528–29, 531.

[13] 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . .").

[14] *Ly v. Hansen*, 351 F.3d 263, 267–68 (6th Cir. 2003) (emphasis in original).

*Demore* that "[d]etention *during removal proceedings* is a constitutionally permissible part of that process."[15]

As in *Demore*, Petitioner's detention is neither "indefinite" nor "potentially permanent" because there is a "definite termination point": the conclusion of the removal proceedings and subsequent removal, or alternatively, release for want of a removal order. And just as there was no due process violation when the *Demore* petitioner was detained under a mandatory detention statute[16] during removal proceedings, so too is there no due process violation in this case when Petitioner is detained during removal proceedings under a similar mandatory detention statute.[17] As all binding Supreme Court and Fifth Circuit precedent confirms that mandatory detention without a bond hearing during removal proceedings passes constitutional muster, Petitioner's due process argument fails.

### *Maldonado Baustista v. Noem* Class Membership

*Maldonado Bautista v. Noem* granted judgment in favor of a class of immigration detainees based on an interpretation of 8 U.S.C. § 1225[18] that contradicts binding Fifth Circuit precedent. Petitioner seeks relief under *Maldonado Bautista*, but "Congress stripped all courts, save for the Supreme Court, of jurisdiction to enjoin or restrain the operation of 8 U.S.C. §§ 1221–32 on a class wide basis."[19] And jurisdiction over a petition for a writ of habeas corpus "lies in only one district: the district of confinement."[20] The holdings in *Maldonado Bautista* and similar class action

---

[15] 538 U.S. at 531 (emphasis added).

[16] 8 U.S.C. § 1226(c).

[17] 8 U.S.C. § 1225(b)(2)(A).

[18] *See Maldonado Bautista v. Noem*, 5:25-cv-01873, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

[19] *Hamama v. Adduci*, 946 F.3d 875, 877 (6th Cir. 2020) (citing 8 U.S.C. 1252(f)(1)); *see also Garland v. Aleman Gonzalez*, 596 U.S. 543, 555 (2022); *Texas v. U.S. Dep't Homeland Sec.*, 123 F.4th 186, 209–10 (5th Cir. 2024).

[20] *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (5th Cir. 2004).

litigation around the country contradict the Fifth Circuit's *Buenrostro* holding,[21] and "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."[22] This Court, with jurisdiction over the subject petition, is bound by only Supreme Court and Fifth Circuit precedent.

**Conclusion**

The petition for a writ of habeas corpus [ECF No. 1] is **DENIED**. Any and all pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE THE CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on May 6, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[21] *Buenrostro-Mendez v. Bondi*, 166 F.4th at 498.
[22] *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).